UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Sarah Spisak** and **David Frate**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**Total Quality Logistics, LLC**, an Ohio limited liability company, and **Kenneth Oaks**,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET SEQ.** |

Plaintiffs, Sarah Spisak and David Frate, (collectively, "Plaintiffs"), individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1.      This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b). Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Sales Representatives[1] (also referred to as the "Covered Positions") of Defendants.

2.      This lawsuit also arises under Ohio Revised Code Ann. § 4111.03 for Defendants' failure to pay Plaintiffs and other similarly situated employees all earned overtime wages.

---

[1]      For the purposes of this Complaint, "Sales Representative" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiffs and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

3.     Plaintiffs, individually, and on behalf of all others similarly situated, bring this action against Defendants[2] for their unlawful failure to pay overtime in violation of the FLSA.

4.     Plaintiffs, individually, and on behalf of all others similarly situated, bring this action against Defendants for their unlawful failure to pay overtime due and owing Plaintiffs and others similarly situated in violation of Ohio Revised Code § 4111.03.

5.     Plaintiffs bring a collective action under the FLSA to recover the unpaid overtime wages owed to them individually and on behalf of all other similarly situated Sales Representatives, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

6.     Additionally, Defendants' failure to compensate Plaintiffs and all other non-exempt Sales Representatives at a rate equal to one and one-half times their regular rates of pay for all overtime hours worked violates Ohio Revised Code § 4111.03.  Plaintiffs, therefore, bring a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages and other damages owed under Ohio wage laws.  Members of the Rule 23 Class Action are referred to as the "Class Action Members."

7.     Plaintiffs, the Collective Members, and the Class Action Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly situated current and former Sales Representatives who Defendants misclassified as "exempt" from overtime under the FLSA, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

---

[2]     All Defendants to this action are collectively referred to as either "Total Quality Logistics," "TQL," or "Defendants" unless specified otherwise.

8. The Collective Members are all current and former Sales Representatives who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

9. The Class Action Members are all current and former Sales Representatives who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

10. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Under Ohio Revised Code Ann. § 4111.03, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

## JURISDICTION AND VENUE

11. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 because this action contains claims arising under Ohio law that are so related to Plaintiffs' claims under 29 U.S.C. § 201, *et seq.* that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

14.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

15.     At all times material to the matters alleged in this Complaint, Plaintiff Sarah Spisak was an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

16.     At all material times, Plaintiff Sarah Spisak was a full-time employee of Defendants who worked as a Sales Representative from approximately May 2019 through approximately December 2019.

17.     At all times material to the matters alleged in this Complaint, Plaintiff David Frate was an individual residing in Franklin County, Ohio, and is a former employee of Defendants.

18.     At all material times, Plaintiff David Frate was a full-time employee of Defendants who worked as a Sales Representative from approximately June 2019 through approximately January 2020.

19.     At all material times, Plaintiffs were employed by Defendants and paid as exempt employees.

20.     At all relevant times, Defendants employed Sales Representatives, including Plaintiffs and the Collective Members, to perform various non-exempt duties, including, but not

limited to, cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using Total Quality Logistics' services and securing contracts for the carriers to transport Total Quality Logistics' customers' freight at the lowest possible cost.

21.     At all material times, Plaintiffs were employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

22.     At all material times, Plaintiffs were non-exempt employees under 29 U.S.C. § 213(a)(1).

23.     Plaintiffs have given their written consent to be named party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

24.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former Sales Representatives of Defendants, including but not limited to current or former Sales Representatives of Defendants who agree in writing to join this action seeking recovery under the FLSA.

25.     Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Sales Representatives of Defendants who Defendants misclassified as "exempt" from overtime under the FLSA and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

26.     Defendant Total Quality Logistics, LLC is an Ohio limited liability company, authorized to do business in the State of Ohio and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

27.     Under the FLSA, Defendant Total Quality Logistics, LLC is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Total Quality Logistics, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Total Quality Logistics.  Having acted in the interest of Total Quality Logistics in relation to their employees, including Plaintiffs, Total Quality Logistics, LLC is subject to liability under the FLSA.

28.     At all material times, Defendant Total Quality Logistics, LLC is Plaintiffs' and the Class Action Members' "employer," as defined by Ohio Revised Code Ann. § 4111, *et seq.*

29.     Under the FLSA, Defendant Kenneth Oaks is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Kenneth Oaks was the owner and president of Total Quality Logistics.  At all relevant times, he had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Total Quality Logistics. As a person who acted in the interest of Total Quality Logistics in relation to Total Quality Logistics' employees, including Plaintiffs, Defendant Kenneth Oaks is subject to individual liability under the FLSA.

30.     At all material times, Defendant Kenneth Oaks is Plaintiffs' and the Class Action Members' "employer," as defined by Ohio Revised Code Ann. § 4111, *et seq.*

31.     Defendants, and each of them, are sued in both their individual and corporate capacities.

32.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs, the Collective Members, and the Class Action Members.

33.     At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

34.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

35.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

36.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

37.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

38.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

39.     At all material times, Plaintiffs and the Class Action Members, in their work for Defendants, were employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $150,000.

40.     At all relevant times, all Defendants were joint employers of Plaintiffs and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiffs and the Collective Members.

## FACTUAL ALLEGATIONS

41.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

42.     Defendants own and/or operate as Total Quality Logistics, LLC, an enterprise headquartered in Hamilton County, Ohio and doing business in Cuyahoga County, Ohio and nationwide.

43.     Total Quality Logistics has more than 55 office locations nationwide.

44.     Total Quality Logistics is a third-party logistics company headquartered in Cincinnati, Ohio that facilitates the domestic transportation of nationally.

45.     Total Quality Logistics functions as a broker connecting companies that need to ship freight with carriers to ship that freight.

46.     Total Quality Logistics receives fees from customers with freight to ship, and it makes payments to carriers to ship that freight.

47.     Total Quality Logistics' profit derives from the margin between the fees it collects from customers and the payments it makes to carriers.

48.     At all relevant times in their work for Defendants as Sales Representatives, Plaintiffs, the Collective Members, and the Class Action Members performed and continue to perform straightforward inside sales tasks.

49.     Total Quality Logistics employs Sales Representatives in each of their locations across the country.

50.     Those Sales Representatives' job duties are substantially similar, regardless of the office location at which they work.

51.     At all relevant times in their work for Defendants, Sales Representatives had and have the primary job duty of cold-calling current and potential customers and selling Total Quality Logistics' services to them.  Specifically, they call and email current and potential customers to obtain the customer's agreement to ship their freight using Total Quality Logistics' services.  They also cold call and email current and potential carriers and secure contracts for those carriers to transport Total Quality Logistics' customers' freight at the lowest possible cost.

52.     At all relevant times in their work for Defendants, Sales Representatives are and have been classified as FLSA-exempt and paid a base salary plus commissions based entirely on sales performance.

53.     On approximately May 1, 2019, Plaintiff Sarah Spisak began employment with Defendants as a Sales Representative, performing primarily non-exempt tasks, such as cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using Total Quality Logistics' services, and cold-calling current and potential carriers and securing contracts for the carriers to transport Total Quality Logistics' customers' freight at the lowest possible cost.

54.     On approximately June 1, 2019, Plaintiff David Frate began employment with Defendants as a Sales Representative, performing primarily non-exempt tasks, such as cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using Total Quality Logistics' services, and cold-calling current and potential carriers and securing contracts for the carriers to transport Total Quality Logistics' customers' freight at the lowest possible cost.

55.     Rather than paying their Sales Representatives–including Plaintiffs, the Collective Members, and the Class Action Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their responsibilities under the FLSA.

56.     At all relevant times, Defendants paid Plaintiffs, the Collective Members, and the Class Action Members base annual salaries of approximately $35,000 with the potential for commission incentives after six months, regardless of how many hours they worked per workweek.

57.     In a given workweek, and during each and every workweek, of Plaintiffs', the Collective Members', and the Class Action Members' employment with Defendants, they were scheduled to work, at a minimum, fifty (50) hours per week.

58.     In a given workweek, and during each and every workweek, of Plaintiffs', the Collective Members, and the Class Action Members' employment with Defendants, they worked between ten (10) and twenty-five (25) hours of overtime without being compensated at one-and-one-half times their regular rates of pay for such time worked.

59.     In their work for Defendants, Plaintiffs, the Collective Members, and the Class Action Members were non-exempt employees.

60. At all relevant times, Defendants have required and require Sales Representatives to be constantly available by phone and email and immediately responsive to customers' and carriers' needs, as well as in touch with each other to monitor ever-changing freight needs and carrier availability.

61. At all relevant times, Total Quality Logistics has required and requires Sales Representatives to work continuously through the day, communicating with potential and current customers and carriers by phone, text, and email, finalizing shipping arrangements and contracts.

62. Total Quality Logistics also sets challenging sales quotas, enforces them harshly, and fosters an intensely competitive culture.

63. These factors cause Sales Representatives to consistently work significant overtime.

64. Total Quality Logistics requires Sales representatives to work at least 50 hours per week in the office (separate from any time worked at home).

65. Because of the nature of the work and demands placed by Total Quality Logistics, management is aware that Plaintiffs, the Collective Members, and the Class Action Members consistently work through lunch (either skipping lunch or eating at their desks while working).

66. In addition, Plaintiffs, the Collective Members, and the Class Action Members work extensive time outside of normal business hours, during mornings, evenings, and weekends.

67. In their work for Defendants, Plaintiffs, the Collective Members, and the Class Action Members were not outside sales employees.

68.     In their work for Defendants, Plaintiffs, the Collective Members, and the Class Action Members were not customarily and regularly engaged away from Total Quality Logistics' place or places of business in performing their primary duties.

69.     In their work for Defendants, Plaintiffs, the Collective Members, and the Class Action Members were not commissioned sales employees half of whose total earnings consisted of commissions.

70.     At no point during any workweek during which Plaintiffs, the Collective Members, and the Class Action Members worked for Defendants did more than half of their total earnings consist of commissions.

71.     In their work for Defendants as Sales Representatives, Plaintiffs', the Collective Members', and the Class Action Members' primary duty was not managing the enterprise that is Total Quality Logistics or managing a customarily recognized department or subdivision of the enterprise that is Total Quality Logistics.

72.     In their work for Defendants as Sales Representatives, Plaintiffs, the Collective Members, and the Class Action Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

73.     In their work for Defendants as Sales Representatives, Plaintiffs, the Collective Members, and the Class Action Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

74.     In their work for Defendants as Sales Representatives, Plaintiffs', the Collective Members', and the Class Action Members' primary duty was not the performance of office or

non-manual work directly related to the management or general business operations of Total Quality Logistics or Total Quality Logistics' customers.

75.     In their work for Defendants as Sales Representatives, Plaintiffs', the Collective Members', and the Class Action Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

76.     From the beginning of Plaintiffs', the Collective Members', and the Class Action Members' employment through the present day, Defendants failed to properly compensate Plaintiffs, the Collective Members, and the Class Action Members for any of their overtime hours.  During each and every workweek during which Plaintiffs, the Collective Members, and the Class Action Members worked for Defendants, they worked approximately fifty (50) to sixty-five (65) hours per week, including routinely working through lunch periods, routinely working from home after regular business hours, and routinely working from home on weekends for which time Defendants failed to accurately record Plaintiffs', the Collective Members', and the Class Action Members' time worked while suffering or permitting them to work nonetheless.

77.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs, the Collective Members, and the Class Action Members of their rights under the FLSA.

78.     Defendants engaged in the regular practice of willfully failing to pay Plaintiffs, the Collective Members, and the Class Action Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiffs, the Collective Members, and the Class Action Members to work in excess of forty (40) hours per workweek.

79.     As a result of Defendants' willful failure to pay Plaintiffs, the Collective Members, and the Class Action Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiffs, the Collective

Members, and the Class Action Members less than the applicable overtime wage rate for such work that Plaintiffs, the Collective Members, and the Class Action Members performed in excess of forty (40) hours per workweek.

80.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiffs, the Collective Members, and the Class Action Members to work.  As such, Plaintiffs', the Collective Members', and the Class Action Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs, the Collective Members, and the Class Action Members to work.

81.     As a result of Defendants' willful failure to compensate Plaintiffs and the Collective Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

82.     As a result of Defendants' willful failure to compensate Plaintiffs and the Class Action Members the applicable overtime wage rate for such hours worked, Defendants have violated Ohio Revised Code Ann. § 4111.03.

83.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

84.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

85.     Defendants have and continue to willfully violate Ohio Revised Code Ann. § 4111, *et seq.* by not paying Plaintiffs and the Class Action one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

86.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs', the Collective Members', and the Class Action Members' work and wages at all relevant times.

87.     In a given workweek, and during each and every workweek of Plaintiffs', the Collective Members', and the Class Action employment with Defendants, Plaintiffs, the Collective Members, and the Class Action Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

88.     Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

89.     Plaintiffs and the Class Members are covered employees within the meaning of Ohio Revised Code Ann. § 4111, *et seq*.

90.     Defendants wrongfully withheld wages from Plaintiffs, the Collective Members, and the Class Action Members by failing to pay all wages due for hours Plaintiffs, the Collective Members, and the Class Action Members.

91.     Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

92.     Due to Defendants' illegal wage practices, Plaintiffs and the Class Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal to twice the unpaid amount of overtime wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under Ohio Revised Code Ann. § 411l, *et seq*.

## COLLECTIVE ACTION ALLEGATIONS

93.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

94.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former Sales Representatives of Defendants.

95.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current and former Sales Representatives of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

96.     At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.  Plaintiffs' claims stated herein are essentially the same as those of the Collective Members.  This action is

properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

97.     Plaintiffs and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek.  Further, Plaintiffs and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

98.     At all relevant times, Defendants paid Plaintiffs base annual salaries of approximately $35,000 with the potential for commission incentives after six months, regardless of how many hours they worked per workweek.

99.     In a given workweek, and during each and every workweek, of Plaintiffs' employment with Defendants, they were scheduled to work, at a minimum, fifty (50) hours per week.

100.     In a given workweek, and during each and every workweek, of Plaintiffs' employment with Defendants, they worked between ten (10) and twenty-five (25) hours of overtime without being compensated at one-and-one-half times their regular rates of pay for such time worked.

101.     Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

102.     The Collective Members perform or have performed the same or similar work as the Plaintiffs.

103.    The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

104.    The Collective Members are not exempt from receiving overtime pay.

105.    As such, the Collective Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime.

106.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

107.    The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

108.    The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

109.    All class members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

110.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

111.    As such, Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

**The FLSA Collective Members are all of Defendants' current and former Sales Representatives who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

112.    Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

113.    Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

114.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

115.    This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

116.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

117.    Upon information and belief, the individuals similarly situated to Plaintiffs include more than one thousand (1,000) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

118.    Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

119.    Plaintiffs' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

## OHIO CLASS ACTION ALLEGATIONS

120.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

121.    Plaintiffs bring their Ohio wage claims as a Rule 23 class action on behalf of the following Class Action Members:

**The Class Action Members are all of Defendants' current and former Sales Representatives who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

122.    <u>Numerosity</u>.  The number of Class Action Members is believed to be over one thousand.  This volume makes bringing the claims of each individual Class Action Member before this Court impracticable.  Likewise, joining each individual Class Action Member as a plaintiff in this action is impracticable.  Furthermore, the identity of the Class Action Members will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the Class Action Members and Defendants.

123.    <u>Typicality</u>.  Plaintiffs' claims are typical of the Class Action Members because like the Class Action Members, Plaintiffs were subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Action Members.  Defendants misclassified Plaintiffs and the Class Action Members as exempt from overtime pay.  As such, Defendants did not pay Plaintiffs and the Class Action Members an overtime premium for time they worked in excess of 40 hours in a given workweek.

124.    As a result of such policy and practice by Defendants, Defendants violated the overtime wage provisions of Ohio Revised Code. § 4111.03.

125. <u>Adequacy</u>. Plaintiffs representative parties who will fairly and adequately protect the interests of the Class Action Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiffs do not have any interest that may be contrary to or in conflict with the claims of the Class Action Members she seeks to represent.

126. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

      a.      Whether Plaintiffs and the Class Action Members worked more than 40 hours in a given workweek;

      b.      Whether Defendants failed to pay Plaintiffs and the Class Action Members overtime for hours worked in excess of 40 in a given workweek;

127. Common issues of law include, but are not limited to:

      a.      Whether Defendants properly paid all wages due and owing to Plaintiffs and the Class Action Members;

      b.      Whether Plaintiffs and the Class Action Members were misclassified as "exempt" from overtime pay under the FLSA and Ohio law;

      c.      Whether Plaintiffs and the Class Action Members are entitled to compensatory damages;

      d.      The proper measure of damages sustained by Plaintiffs and the Class Action Members; and

      e.      Whether Defendants' actions were "willful."

128.     Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Action Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Action Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

129.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Action Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Action Members are readily identifiable from Defendants' records.

130.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants to prove it properly compensated its employees; and (3) the burden is on Defendants to accurately record hours worked by employees..

131.     Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the Class Action Members according to applicable Ohio laws.

132.     Nature of Notice to be Proposed.  As to the Rule 23 Class Action Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt

out of the class if they so desire, *i.e.* an "opt-out notice."  Notice of the pendency and resolution

of the action can be provided to the Class Action Members by mail, electronic mail, print,

broadcast, internet, and/or multimedia publication.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**UNPAID OVERTIME**

133.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

134.    Defendants misclassified Plaintiffs and the Collective Members as "exempt" from

overtime under the FLSA.

135.    Defendants operated pursuant to their policy and practice of not paying Plaintiffs

and the Collective Members one and one-half times their regular rates of pay for all time spent

working in excess of 40 hours per workweek.

136.    While employed by Defendants, Plaintiffs and the Collective Members worked

tens of hours of overtime per week each and every workweek for which they worked for

Defendants, and Defendants did not pay to Plaintiffs and the Collective Members one-and-one-

half times their regular rate of pay for such time.

137.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs

and the Collective Members overtime according to the provisions of the FLSA.

138.    Defendants further have engaged in a widespread pattern and practice of violating

the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective

Members in accordance with 29 U.S.C. § 207.

139.    Plaintiffs and the Collective Members believe and therefore aver that Defendants

owe them unpaid overtime wages for each and every pay period for the duration of their

employment.

140.    Additionally, while employed by Defendants, during each and every workweek during which Plaintiffs and the Collective Members worked, Defendants suffered or permitted Plaintiffs and the Collective Members to work overtime hours during lunch breaks, outside of normal business hours and on weekends, yet Defendant did not pay Plaintiffs or the Collective Members any wage whatsoever for such time Plaintiffs and the Collective Members worked.  As a result, Defendants additionally failed or refused to compensate Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for hours Plaintiffs and the Collective Members worked outside of normal business hours and on weekends.

141.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

142.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

143.    Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

144.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the

FLSA minimum wage and overtime requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

145.   Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

146.   As a result of Defendants failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one- and one-half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Sarah Spisak and David Frate, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one or more of the following acts:

i.   violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages; and

ii.   willfully the violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

B.      For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiffs and the Collective Members;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.      For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.      For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.      Such other relief as this Court deems just and proper.

## COUNT TWO: OHIO REVISED CODE
## UNPAID OVERTIME

147.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

148.    Plaintiffs and the Class Action Members were non-exempt employees entitled to the statutorily mandated overtime wages.

149.    Ohio Revised Code § 4111.03 requires an employer to pay a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act.

150.     The Fair Labor Standards Act prohibits employers from misclassifying non-exempt employees as exempt and paying them salaries, without regard to the number of hours those employees work in a given workweek, and without regard to whether those employees work in excess of forty hours in a given workweek.  Instead, the Fair Labor Standards act requires employers to pay an overtime premium of one and one-half times the regular rate of pay for all hours worked in excess of forty hours worked in any given workweek. As such, Ohio law requires that all non-exempt employees be paid at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty hours worked in any given workweek.

151.     Defendants misclassified Plaintiffs and the Class Action Members as exempt, required them to work more than 40 hours in a given workweek, and did not pay them one and one-half times their regular rates of pay for all hours worked in excess of 40 in a given workweek.  As such, Defendants violated Ohio Revised Code Ann. § 4111, *et seq.*

152.     As such, the full applicable overtime rate is owed for all hours that Plaintiffs and the Class Action Members worked in excess of 40 hours per week.

WHEREFORE, Plaintiffs, Sarah Spisak and David Frate, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

H.     For the Court to declare and find that the Defendants committed one or more of the following acts:

iii.     violated the overtime provisions of Ohio Revised Code Ann. § 4111, *et seq.*, by failing to pay proper overtime wages; and

iv.     willfully the violated overtime wage provisions of Ohio Revised Code Ann. § 4111, *et seq.*;

I.      For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiffs and the Class Members;

J.      For the Court to award compensatory damages, including liquidated damages equal to two times all unpaid overtime wages pursuant to Ohio Revised Code Ann. § 4111, *et seq.* in amounts to be determined at trial;

K.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

L.      For the Court to award Plaintiffs' and the Class Action Members' reasonable attorneys' fees and costs of the action pursuant to Ohio Revised Code Ann. § 4111, *et seq.* and all other causes of action set forth in this Complaint;

M.     For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Class Action Members and for the risks they took in doing so; and

N.      Such other relief as this Court deems just and proper.


RESPECTFULLY SUBMITTED this 5th day of February, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Phone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bswages.com
        chris@bswages.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
THE LAW OFFICES OF SIMON & SIMON
6000 Freedom Square Dr.
Independence, OH 44131
Phone: (216) 525-8890
Fax: (216) 642-5814
Email: james@bswages.com